*Exhibit C*

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| GONZALO ZELAYA | § | |
| *Plaintiff,* | § | |
| | § | |
| V. | § | Civil Action No. 5:16-cv-00450 |
| | § | |
| H & F TRANSPORTATION, INC. | § | |
| AND GHARIBY JORJIK | § | |
| *Defendants*. | § | |

## INDEX OF MATTERS BEING FILED

TO:   THE CLERK OF THE WESTERN DISTRICT COURT OF TEXAS, SAN ANTONIO
DIVISION

Defendants, H & F Transportation, Inc. and Ghariby Jorjik, attach this Index of Matters

Being Filed to their Notice of Removal.

1.   Docket Report/Case History for Cause No. 2015CI14325;

2.   Plaintiff's Original Petition;

3.   Citation Served on Defendant, H & F Transportation, Inc.;

4.   Defendant, H & F Transportation, Inc.'s Original Answer;

5.   Defendant, H & F Transportation, Inc.'s Objections to Plaintiff's Notice of Self-
Authentication and Motion for Protective Order;

6.   Citation Served on Defendant, Ghariby Jorjik;

7.   Plaintiff's Memorandum in Opposition to H & F Transportation, Inc.'s Motion for
Protective Order;

8.   Defendant, Ghariby Jorjik's Original Answer;

9.   Defendant, Ghariby Jorjik's Objections to Plaintiff's Notice of Self-Authentication
and Motion for Protective Order; and

10.   Plaintiff's Memorandum in Opposition to Ghariby Jorjik's Motion for Protective
Order.



# GERARD C. RICKHOFF



# DONNA KAY McKINNEY

# COUNTY CLERK & DISTRICT CLERK COURT RECORDS SEARCH



Home (/Search/)
   /   Back to Search Results (/Search/SearchResults?r=f9ca470f-e51b-4249-8332-f87eeef290fa&st=l&l=&fn=&cs=2015CI14325&ct=)
   /   Details

# Case #2015CI14325

History **11**

**Name**

GONZALO ZELAYA

| **Date Filed** | **Case Status** |
|---|---|
| 08/27/2015 | PENDING |

| **Litigant Type** | **Court** |
|---|---|
| PLAINTIFF | 438 |

**Docket Type**

MOTOR VEHICLE ACCIDENT

**Business Name**

**Style**

GONZALO ZELAYA

**Style (2)**

vs H & F TRANSPORTATION INC ETAL

# Case History   <small>Go To Top</small>

| ← Older | | *Currently viewing 1 through 11 of 11 records* | Newer → |

| Sequence | Date Filed | Description |
|----------|-----------|-------------|
| P00001 | 8/27/2015 | PETITION |
| P00002 | 8/27/2015 | JURY DEMAND JURY FEE PAID |
| P00003 | 8/27/2015 | SERVICE ASSIGNED TO CLERK 2 |
| S00001 | 8/28/2015 | CITATION<br>H & F TRANSPORTATION INC<br>ISSUED: 8/28/2015<br>EXECUTED: 10/17/2015 RETURNED: 3/8/2016 |
| S00002 | 8/28/2015 | CITATION<br>GHARIBY JORJIK<br>ISSUED: 8/28/2015 RECEIVED: 9/14/2015<br>EXECUTED: 4/11/2016 RETURNED: 4/11/2016 |
| P00004 | 4/4/2016 | ORIGINAL ANSWER OF<br>H&F TRANSPORTATION INC WITH JURY DEMAND |
| P00005 | 4/5/2016 | OBJECTIONS TO<br>PLAINTIFF'S NOTICE OF SELF-AUTHENTICATIO<br>N & MOTION FOR PROTECTIVE ORDER |
| P00006 | 4/11/2016 | MEMORANDUM<br>IN OPPOSITION TO H & F TRANSPORTATION, I<br>NC'S MOTION FOR PROTECTIVE ORDER |

Case 5:16-cv-00450-ESC   Document 1-3   Filed 05/16/16   Page 5 of 47

P00007      5/2/2016      OBJECTIONS TO
PLAINTIFFS NOTICE OF SELF-AUTHENTICATION
AND MOTION FOR PROTECTIVE ORDER

P00008      5/2/2016      ORIGINAL ANSWER OF
GHARIBY JORJIK

P00009      5/9/2016      MEMORANDUM
IN OPPOSITION TO DEFENDANTS MOTION FOR P
ROTECTIVE ORDER



Bexar.org (http://www.bexar.org) | Bexar County County Clerk (https://gov.propertyinfo.com/TX-Bexar/) | Bexar
County District Clerk (http://gov.bexar.org/dc)
100 Dolorosa San Antonio, Texas 78205 | 210.335.2011

FILED
8/27/2015 6:06:14 PM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Marc Garcia

Case 5:16-cv-00450-ESC    Document 1-3    Filed 05/16/16    Page 6 of 47

2 CITS PPS W/JD - SAC2

CAUSE NO. **2015CI14325**

| | | |
|---|---|---|
| GONZALO ZELAYA | § | IN THE DISTRICT COURT |
| *Plaintiff* | § | |
| | § | |
| V. | § | |
| | § | **438TH** JUDICIAL DISTRICT |
| H & F TRANSPORTATION, INC. | § | |
| AND GHARIBY JORJIK | § | |
| *Defendants.* | § | |
| | § | BEXAR COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION, RULE 193.7 NOTICE AND REQUEST FOR DISCLOSURES

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES Gonzalo Zelaya, (hereinafter "Plaintiff") and files this his Original Petition and complains of Defendants H & F Transportation, Inc. (hereinafter "H & F") and Ghariby Jorjik (hereinafter "Jorjik") and for cause of action would respectfully show unto the Court as follows:

### I.
### DISCOVERY CONTROL PLAN

1.    Plaintiff intends that discovery be conducted under Level 3 of Rule 190 Texas Rules of Civil Procedure.

### II.
### THE PARTIES

2.    Plaintiff Gonzalo Zelaya, is an individual residing in Bexar County, Texas.

3.    Defendant H & F Transportation, Inc. is a domestic for-profit corporation, and may be served with process through its' registered agent Rubina Babakhanloo at 3333 Thelma

Plaintiff Gonzalo Zelaya's Original Petition- 15-004967                                                1

Street La Crescenta, California 91214-2662.

4.      Defendant Ghariby Jorjik is an individual residing in Los Angeles County, California and may be served with process at his place of residence at 3333 Thelma Street La Crescenta, California 91214-2662.

### III.
### JURISDICTION AND VENUE

5.      The Court further has jurisdiction over these claims because the amount in controversy is within the jurisdictional limits of this Court.

6.      Venue is proper in Bexar County, Texas because the incident that forms the basis of this lawsuit occurred in Bexar County, Texas.

### IV.
### THE FACTS

7.      On or about March 21, 2015, Plaintiff was lawfully operating a black 2006 Toyota Tundra in Bexar County, Texas.  Plaintiff was operating his vehicle in a lawful manner while in the right hand lane of Callaghan Road traveling south.

8.      Defendant Jorjik was operating his 2007 red freightliner heading north on Callaghan Road.

9.      As Plaintiff was lawfully proceeding through the intersection of Callaghan Road and Commerce Street, suddenly and without warning, Defendant Jorjik made an unsafe left hand turn on a red light, and traveled into Plaintiff's lane of travel striking Plaintiff's vehicle in the front of the vehicle.   At the time of the collision, Defendant Jorjik was driving a vehicle owned and operated by Defendant H & F Transportation, Inc.

10.     Moreover, Defendant Jorjik was acting within the course and scope of his employment with Defendant H & F Transportation, Inc. on the occasion in question. This collision between Defendant Jorjik and Plaintiff's vehicle caused Plaintiff to sustain severe injuries, as more fully set forth below.

## V.
## PLAINTIFF'S CLAIMS OF NEGLIGENCE AND GROSS NEGLIGENCE AGAINST DEFENDANT H & F TRANSPORTATION, INC.

11.     At the time of the occurrence of the act in question and immediately prior thereto, Defendant Jorjik was within the course and scope of his employment with Defendant H & F Transportation, Inc ("H & F").

12.     At the time of the occurrence of the act in question and immediately prior thereto, Defendant Jorjik was engaged in the furtherance of Defendant H & F's business.

13.     At the time of the occurrence of the act in question and immediately prior thereto, Defendant Jorjik was engaged in accomplishing a task for which Defendant Jorjik was employed.

14.     Plaintiff invokes the doctrine of Respondeat Superior against Defendant H & F. Defendant H & F is liable under the doctrine of Respondeat Superior in that Defendant Jorjik was operating the vehicle in the course and scope of his employment with Defendant H & F.

15.     Defendant H & F is also negligent in one or more of the following respects:

   a.     Negligent hiring of Defendant Jorjik;

   b.     Negligent training of Defendant Jorjik;

   c.     Negligent supervision and monitoring of Defendant Jorjik; and

   d.     Negligent retention of Defendant Jorjik.

As described herein, Defendant H & F was negligent on the occasion in question and such negligence was the proximate cause of Plaintiff's injuries and damages.

16.    Each of these acts and/or omissions of each of the Defendants, whether taken singularly or in any combination constitute negligence and gross negligence that proximately caused the collision and injuries and other losses as specifically set forth herein, all of which Plaintiff suffered and which he will continue to suffer in the future, if not for the remainder of his natural life, and the damages and other losses to Plaintiff.

## VI.
## PLAINTIFF'S CLAIMS OF NEGLIGENCE, NEGLIGENCE PER SE, AND GROSS NEGLIGENCE AGAINST DEFENDANT GHARIBY JORJIK

17.    Defendant Jorjik had a duty to exercise the degree of care that a reasonably careful person would use to avoid harm to others under circumstances similar to those described herein.

18.    Plaintiff's injuries were proximately caused by Defendant Jorjik's negligent, careless, and reckless disregard of said duty.

19.    The negligent, careless, and reckless disregard of the duty of Defendant Jorjik consisted of, but is not limited to, the following acts and omissions:

    a.    in failing to keep a proper lookout or such lookout, which a person of ordinary prudence would have maintained under same or similar circumstances;

    b.    in driving his vehicle at a rate of speed which was greater than that which an ordinary person would have driven under the same or similar circumstances, in violation of Texas Transportation Code §545.351;

    c.    in failing to maintain an assured clear distance between the vehicle Plaintiff was in and Defendants' vehicle, which would permit

Defendant Jorjik to bring his vehicle to a safe stop without colliding with vehicles, including Plaintiff's vehicle, in violation of Texas Transportation Code §545.062;

d.   in failing to timely apply the brakes of his vehicle in order to avoid the collision in question;

e.   in failing to turn his vehicle in an effort to avoid the collision in question;

f.   in failing to drive defensively to avoid an emergency;

g.   in failing to make safe decisions while driving;

h.   in failing to blow his horn to warn of imminent collision;

i.   in driving his vehicle in willful or wanton disregard for the safety of persons and/or property, including Plaintiff and his vehicle, in violation of Texas Transportation Code  §545.401; and

j.   in turning his vehicle to enter a private road or driveway, or otherwise turning his vehicle from a direct course, when the movement could not be made safely, in violation of Texas Transportation Code  §545.103.

20.    Each of these acts and/or omissions, whether taken singularly or in any combination constitutes negligence and negligence per se, and gross negligence, which proximately caused the collision and injuries and other losses as specifically set forth herein, all of which Plaintiff suffered and which Plaintiff will continue to suffer in the future, if not for the remainder of his natural life, and the damage and other losses to Plaintiff.

## VII.
## EXEMPLARY DAMAGES

21.    Plaintiff hereby incorporates each of the foregoing paragraphs herein as if set forth in full in this section.

22.    The above-referenced acts and/or omissions by Defendants constitute malice as

that term is defined in Section 41.001(7)(B) Texas Civil Practice and Remedies Code. Defendants were heedless and reckless, constituting an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and Defendants were aware of the risk, but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of others, including Plaintiff.   The above acts and/or omissions were singularly and cumulatively the proximate cause of the occurrence in question and the resulting injuries and damages sustained by Plaintiff.

23.     Defendants' acts or omissions described above, when viewed from the standpoint of Defendants at the time of the act or omission, involved an extreme degree of risk, considering the probability of harm to Plaintiff and others.

24.     Defendants had actual, subjective awareness of the risk involved in the above described acts or omissions, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of Plaintiff and others.

25.     Therefore, for such malice on behalf of Defendants, Plaintiff sues for exemplary damages in an amount to be determined at trial.

## VIII.
## DAMAGES FOR PLAINTIFF

26.     As a direct and proximate result of the collision and the negligent conduct of the Defendants, Plaintiff Gonzalo Zelaya suffered severe bodily injuries to his neck, back, shoulders, and other parts of his body generally.   The injuries have had a serious effect on the Plaintiff's health and wellbeing.   Some of the effects are permanent and will abide with the Plaintiff for a long time into the future, if not for the rest of his life. These specific injuries and their ill effects

have, in turn, caused the Plaintiffs physical and mental condition to deteriorate generally and the specific injuries and ill effects alleged have caused and will, in all reasonable probability, cause the Plaintiff to suffer consequences and ill effects of this deterioration throughout his body for a long time in the future, if not for the balance of his natural life.  As a further result of the nature and consequences of these injuries, the Plaintiff suffered great physical and mental pain, suffering and anguish and in all reasonable probability will continue to suffer in this manner for a long time into the future, if not for the balance of his natural life.

27.     Additionally, as a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff was caused to incur the following damages:

a.     Reasonable medical care and expenses in the past. Plaintiff Gonzlao Zelaya incurred these expenses for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in county they were incurred;

b.     Reasonable and necessary medical care and expenses, which will, in all reasonable probability be incurred in the future;

c.     Physical pain and suffering in the past;

d.     Physical pain and suffering, which will, in all reasonable probability be suffered in the future;

e.     Physical impairment in the past;

f.     Physical impairment, which will, in all reasonable probability be suffered in the future;

g.     Lost wages in the past, present, and future.

Plaintiff Gonzalo Zelaya's Original Petition- 15-004967                                                    7

h        Loss of earning capacity, which will, in all reasonable probability be incurred in the future;

i.        Mental anguish in the past;

j.        Mental anguish which will, in all reasonable probability be suffered in the future;

k.        Disfigurement.

## IX.
## PREJUDGMENT AND POST-JUDGMENT INTEREST

28.      Plaintiff seeks prejudgment and post-judgment interest as allowed by law.

## X.
## JURY DEMAND

29.     In accordance with Rule 216 of the Texas Rules of Civil Procedure, Plaintiff hereby makes application for a jury trial and requests that this cause be set on the Court's Jury Docket.  In support of his application, the appropriate jury fee has been paid to the Clerk at least thirty (30) days in advance of the trial setting.

## XI.
## REQUEST FOR DISCLOSURE

30.     Pursuant to Rule 194 of the Texas Rules of Civil Procedure, you are requested to disclose within fifty (50) days after service of the citation and petition the information or material described in Rule 194.2 (a) through (l).

## XII.
## TEXAS RULE OF CIVIL PROCEDURE 193.7

31.     Pursuant to Texas Rule of Civil Procedure 193.7, Plaintiff hereby gives notice to Defendants that any and all documents produced by each Defendant may be used against each

Defendant producing the documents at any pre-trial proceeding and/or at the trial of this matter without the necessity of authenticating the documents.

## XIII.
## PRAYER

WHEREFORE, Plaintiff respectfully prays that each of the Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendants, jointly and severally, for actual damages as alleged and exemplary damages, in an amount within the jurisdictional limits of this Court; together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

THE LAW OFFICE OF THOMAS J. HENRY
521 Starr Street
Corpus Christi, Texas 78401
Tel. (361) 985-0600
Fax. (361) 985-0601

By _____
Thomas J. Henry
State Bar No. 09484210
Alan Dale Hicks
State Bar No. 09575430
*dhicks-svc@thomasjhenrylaw.com

**ATTORNEYS FOR PLAINTIFF**

*Service by email to this email address only.

PRIVATE PROCESS                    Case Number: 2015-CI-14325

**GONZALO ZELAYA**

**VS.**

**H & F TRANSPORTATION INC ETAL**
(Note: Attached Document May Contain Additional Litigants.)

2015CI14325 S00001

IN THE DISTRICT COURT
438th JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS

## CITATION

"THE STATE OF TEXAS"

Directed To: H & F TRANSPORTATION INC

BY
2016 MAR -8 PM 12: 41
DEPUTY

FILED
DONNA KAY McKINNEY
DISTRICT CLERK
BEXAR COUNTY

BY SERVING ITS REGISTERED AGENT, RUBINA BABAKHANLOO

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you." Said petition was filed on the 27th day of August, 2015.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 28TH DAY OF AUGUST A.D., 2015.

PETITION

**DALE HICKS**
ATTORNEY FOR PLAINTIFF
521 STARR ST
CORP CHRISTI, TX 78401-2344



**Donna Kay McKinney**
**Bexar County District Clerk**
**101 W. Nueva, Suite 217**
**San Antonio, Texas 78205**

By: *Edgar Garcia,* Deputy

OFFICER'S RETURN

I received this citation on _____ at _____o'clock ___M. and:( ) **executed** it by delivering a copy of the citation with the date of delivery endorsed on it to the defendant,_____ in person on the _____ at _____o'clock ___M. at:_____ or ( ) **not executed** because _____ Fees:_____ Badge/PPS #:_____ Date certification expires:_____
_____County, Texas

OR:  VERIFICATION  OF  RETURN (IF NOT SERVED BY A  peace  officer)  SWORN  TO  this
_____
_____ NOTARY PUBLIC, STATE OF TEXAS

OR:  My name is_____ my date of birth is_____, and my address is _____ (County). I declare under penalty of perjury that the foregoing is true and correct. Executed in _____County, State of Texas, on the _____ day of_____, 20_____.

_____
Declarant                    RETURN TO COURT (DK002)

| Attorney or Party without Attorney:<br>:<br>:<br>:<br>:<br>:<br>Telephone No: | | | | For Court Use Only |
|---|---|---|---|---|
| Attorney for: Plaintiff | Ref. No. or File No.: | | | |
| Insert name of Court, and Judicial District and Branch Court:<br>In The District Court 438th Judicial District, Bexar County, Texas | | | | |
| Plaintiff: GONZALO ZELAYA | | | | |
| Defendant: H & F TRANSPORTATION, INC., ET AL. | | | | |

| AFFIDAVIT OF SERVICE<br>CITATION | Hearing Date: | Time: | Dept/Div: | Case Number:<br>2015-CI-14325 |
|---|---|---|---|---|

*1. At the time of service I was at least 18 years of age and not a party to this action.*

2. I served copies of the CITATION; PLAINTIFF'S ORIGINAL PETITION, RULE 193.7 NOTICE AND REQUEST FOR DISCLOSURES

3. a. Party served:   H & F TRANSPORTATION, INC.
   b. Person served:   RUBINA BABAKHANLOO, AGENT FOR SERVICE OF PROCESS, Middle Eastern, Female, 40 Years Old, Black Hair, Brown Eyes, 5 Feet 3 Inches, 115 Pounds

4. Address where the party was served:   AGENT: RUBINA BABAKHANLOO
   3333 THELMA STREET
   LA CRESCENTA, CA 91214

5. I served the party:
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive process for the party (1) on: Sat., Oct. 17, 2015 (2) at: 7:20AM

7. *Person Who Served Papers:*
   a. DEREK SHULTZ
   b. **EMPIRE COURIER & PRIVATE PROCESS**
   P.O. BOX 100021
   SAN ANTONIO, TX 78201
   c. 210.834.1809

*Fee for Service:*
I Declare under penalty of perjury under the laws of the State of TEXAS that the foregoing is true and correct.

10/02/15 *(Date)*          *(Signature)*

8. *STATE OF CALIFORNIA, COUNTY OF ORANGE*
*Subscribed and sworn to (or affirmed) before me on this 22nd day of October 2015 by DEREK SHULTZ*

*proved to me on the basis of satisfactory evidence to be the person who appeared before me.*

COLLEEN DAWN<br>Commission # 2011693<br>Notary Public - California<br>Orange County<br>My Comm. Expires Apr 9. 2017

AFFIDAVIT OF SERVICE CITATION          *(Notary Signature)*          8341809.46899

FILED
4/4/2016 4:43:05 PM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Debra Cantu

Case 5:16-cv-00450-ESC    Document 1-3    Filed 05/16/16    Page 17 of 47

CAUSE NO. 2015CI14325

| | | |
|---|---|---|
| GONZALO ZELAYA | § | IN THE DISTRICT COURT OF |
| *Plaintiff,* | § | |
| | § | |
| V. | § | BEXAR COUNTY, TEXAS |
| | § | |
| H & F TRANSPORTATION, INC. | § | |
| AND GHARIBY JORJIK | § | |
| *Defendants.* | § | 438TH JUDICIAL DISTRICT |

## DEFENDANT H&F TRANSPORTATION, INC.'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES H&F Transportation, Inc., Defendant in the above entitled and numbered cause, and files its Original Answer and as grounds therefore would respectfully show unto the Court and Jury as follows:

## I.
## GENERAL DENIAL

1.    The Texas Rules of Civil Procedure and, in particular Rule 92, affords citizens and corporations of this state certain protections with respect to lawsuits of this type. Accordingly, Defendant invokes the provisions of that rule and does generally deny the allegations now made against it by the Plaintiff and his attorney.   At any trial of this cause, Defendant will exercise its legal rights in this regard and require Plaintiff to carry the burden of proof, which the law imposes upon him, to prove each and every material allegation contained in his pleadings by a preponderance of the credible evidence.

2.    Defendant would show onto the Court that as to medical expenses, only the amount actually paid and/or incurred by Plaintiff is recoverable by Plaintiff in this lawsuit. TEX. CIV. PRAC. & REM. CODE § 41.0105.  Any amount that is discounted, written off, or adjusted following contribution of a third party payor (including but not limited to Medicaid, Medicare or

by Managed Care Administrator) is not an amount that is "paid or incurred," and should not be submitted to the jury or included in any economic damage award.

3.      In regards to damages with respect to Plaintiff's loss of earnings, if any, these damages are limited to a net loss after reduction for income tax payments or unpaid tax liability pursuant to any federal income tax law as set forth in § 18.091 of the TEXAS CIVIL PRACTICE & REMEDIES CODE.

## II.

## REQUEST FOR DISCLOSURE

4.      Pursuant to Tex. R. Civ. P. 194, Defendant requests that Plaintiff disclose, within 30 days of the service of this request, the information or material described in Rule 194.2(a)-(l).

## III.

## JURY DEMAND

5.      Defendant tenders its statutory jury fee and demands a trial by jury.

## IV.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, H&F Transportation, Inc., prays that upon final hearing of this cause that the Court enter its judgment to the effect that Plaintiff take nothing by way of his cause of action against the Defendant, that Defendant is awarded court costs, legal interest, both prejudgment and post judgment interest, and for such other and further relief to which the Defendant may be justly entitled, either at law or in equity.

Respectfully submitted,

**CASTAGNA SCOTT L.L.P.**
1120 S. Capital of Texas Highway
Building 2, Suite 270
Austin, Texas 78746
512/329-3290
888/255-0132 fax

By: /s/ Stephen P. Bega
   Lynn S. Castagna
   State Bar No. 03980520
   Lynn@texasdefense.com
   Stephen P. Bega
   State Bar No. 24012269
   Stephen@texasdefense.com

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document has been served on all counsel of record in the manner indicated below:

*VIA FACSIMILE: 361/985-0601*
Thomas J. Henry
Alan Dale Hicks
THE LAW OFFICE OF THOMAS J. HENRY
521 Starr Street
Corpus Christi, Texas 78401

and in accordance with the Texas Rules of Civil Procedure, on the 4th day of April, 2016.

   /s/ Stephen P. Bega
   Stephen P. Bega

FILED
4/5/2016 12:58:55 PM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Olivia Cruz

Case 5:16-cv-00450-ESC   Document 1-3   Filed 05/16/16   Page 20 of 47

CAUSE NO. 2015CI14325

| | | |
|---|---|---|
| GONZALO ZELAYA | § | IN THE DISTRICT COURT OF |
| *Plaintiff,* | § | |
| | § | |
| V. | § | BEXAR COUNTY, TEXAS |
| | § | |
| H & F TRANSPORTATION, INC. | § | |
| AND GHARIBY JORJIK | § | |
| *Defendants.* | § | 438TH JUDICIAL DISTRICT |

**DEFENDANT H&F TRANSPORTATION, INC.'S OBJECTIONS TO PLAINTIFF'S NOTICE OF SELF-AUTHENTICATION AND MOTION FOR PROTECTIVE ORDER**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME, H&F Transportation, Inc., Defendant in the above entitled and numbered cause, and files its Objections to Plaintiff's Notice of Self-Authentication and Defendant's Motion for Protective Order.  As grounds in support thereof, Defendant would respectfully show unto the Court and Jury as follows:

**I.**
**Procedural History**

On October 17, 2015, Defendant H&F Transportation, Inc. was served with Plaintiff's Original Petition, including a Notice of Self-Authentication. Defendant H&F Transportation, Inc. filed an answer on April 4, 2016.

**II.**
**Arguments and Authorities**

The Notice of Self-Authentication reads:

Pursuant to Texas Rule of Civil Procedure 193.7, Plaintiff hereby gives notice to Defendants that any and all documents produced by each Defendant may be used against each Defendant producing the documents at any pre-trial proceeding and/or at trial of this matter without the necessity of authenticating the documents.

The Notice of Self-Authentication is procedurally and substantively flawed. It was served before either Defendant produced a single document in the case. Accordingly, the Notice fails to, and cannot possibly, identify the specific document that Plaintiff seeks to have authenticated. Defendant objects to the overly board scope of the Notice of Self-Authentication, and the gunshot approach in Plaintiff's utilization of Tex. R. Civ. P. 193.7. Plaintiff must identify the document he seeks authenticated to allow Defendants fair notice to object thereto.

### III.

WHEREFORE, PREMISES CONSIDERED, Defendant H&F Transportation, Inc. requests that its Objections to Plaintiff's Notice of Self-Authentication and Defendant's Motion for Protective Order be granted, and for such other relief, both at law and in equity, to which Defendant may be entitled.

Respectfully submitted,

**CASTAGNA SCOTT, L.L.P.**
1120 S. Capital of Texas Highway
Building 2, Suite 270
Austin, Texas 78746
512/329-3290
888/255-0132 fax

By:  _/s/ Stephen Bega_
        Lynn S. Castagna
        State Bar No. 03980520
        Lynn@texasdefense.com
        Stephen P. Bega
        State Bar No. 24012269
        Stephen@texasdefense.com

**ATTORNEYS FOR DEFENDANT**
**H&F TRANSPORTATION, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served on all counsel in the manner indicated below:

**_VIA FACSIMILE: 361/985-0601_**
Thomas J. Henry
Alan Dale Hicks
THE LAW OFFICE OF THOMAS J. HENRY
521 Starr Street
Corpus Christi, Texas 78401

and in accordance with the Texas Rules of Civil Procedure, on the 5th day of April, 2016.

_/s/ Stephen Bega_
        Stephen P. Bega

PRIVATE PROCESS

Case Number: 2015-CI-14325

GONZALO ZELAYA

VS.

H & F TRANSPORTATION INC ETAL

(Note:Attached Document May Contain Additional Litigants.)

2015CI14325 S00002

IN THE DISTRICT COURT
438th JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS

## CITATION

"THE STATE OF TEXAS"

Directed To: GHARIBY JORJIK

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you." Said petition was filed on the 27th day of August, 2015.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 28TH DAY OF AUGUST A.D., 2015.

PETITION

DALE HICKS
ATTORNEY FOR PLAINTIFF
521 STARR ST
CORP CHRISTI, TX 78401-2344



**Donna Kay M°Kinney**
**Bexar County District Clerk**
**101 W. Nueva, Suite 217**
**San Antonio, Texas 78205**

By: *Edgar Garcia,* Deputy

### OFFICER'S RETURN

I received this citation on _Sept. 14, 2015_ at _2:30_ o'clock _P_ M. and:( ) **executed** it by delivering a copy of the citation with the date of delivery endorsed on it to the defendant,_____ in person on the _____ at _____o'clock ___M. at:_____ or ( ) **not executed** because _____ Fees:_____ Badge/PPS #:_____
Date certification expires:_____

_____County, Texas

By:_____
OR:   VERIFICATION  OF  RETURN  (If  not  served  by  a  peace  officer)  SWORN  TO  this _____.

_____
NOTARY PUBLIC, STATE OF TEXAS

OR:   My name is_____, my date of birth is_____, and my address is _____, _____(County).
I declare under penalty of perjury that the foregoing is true and correct. Executed in _____County, State of Texas, on the _____ day of_____, 20_____.

_____
Declarant

RETURN TO COURT (DK002)

PRIVATE PROCESS

Case Number: 2015-CI-14325

2015CI14325 S00002

**GONZALO ZELAYA**
**VS.**

**H & F TRANSPORTATION INC ETAL**
(Note:Attached Document May Contain Additional Litigants.)

IN THE DISTRICT COURT
438th JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS

## CITATION

"THE STATE OF TEXAS"

Directed To: GHARIBY JORJIK

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you." Said petition was filed on the 27th day of August, 2015.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 28TH DAY OF AUGUST A.D., 2015.

PETITION

DALE HICKS
ATTORNEY FOR PLAINTIFF
521 STARR ST
CORP CHRISTI, TX 78401-2344



**Donna Kay McKinney**
**Bexar County District Clerk**
**101 W. Nueva, Suite 217**
**San Antonio, Texas 78205**

By: *Edgar Garcia,* Deputy

### OFFICER'S RETURN

I received this citation on _____ at _____o'clock ___M. and:(  ) **executed** it by delivering a copy of the citation with the date of delivery endorsed on it to the defendant,_____ in person on the _____ at _____o'clock ___M. at:_____ or (  ) **not executed** because _____ Fees:_____ Badge/PPS #:_____ Date certification expires:_____

_____County, Texas

By:_____

OR:   VERIFICATION  OF  RETURN  (If  not  served  by  a  peace  officer)  SWORN  TO  this _____.

_____
NOTARY PUBLIC, STATE OF TEXAS

OR:   My name is_____, my date of birth is_____, and my address is _____, _____(County). I declare under penalty of perjury that the foregoing is true and correct. Executed in _____County, State of Texas, on the _____ day of_____, 20_____.

_____
Declarant

ORIGINAL (DK002)

FILED
8/27/2015 6:06:14 PM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Marc Garcia

CAUSE NO. **2015CI14325**

| | | |
|---|---|---|
| **GONZALO ZELAYA** | § | IN THE DISTRICT COURT |
| *Plaintiff* | § | |
| | § | |
| V. | § | |
| | § | 438TH  JUDICIAL DISTRICT |
| **H & F TRANSPORTATION, INC.** | § | |
| **AND GHARIBY JORJIK** | § | |
| *Defendants.* | § | |
| | § | BEXAR COUNTY, TEXAS |

### PLAINTIFF'S ORIGINAL PETITION, RULE 193.7 NOTICE AND REQUEST FOR DISCLOSURES

## TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Gonzalo Zelaya, (hereinafter "Plaintiff") and files this his Original Petition and complains of Defendants H & F Transportation, Inc. (hereinafter "H & F") and Ghariby Jorjik (hereinafter "Jorjik") and for cause of action would respectfully show unto the Court as follows:

### I.
### DISCOVERY CONTROL PLAN

1.     Plaintiff intends that discovery be conducted under Level 3 of Rule 190 Texas Rules of Civil Procedure.

### II.
### THE PARTIES

2.     Plaintiff Gonzalo Zelaya, is an individual residing in Bexar County, Texas.

3.     Defendant H & F Transportation, Inc. is a domestic for-profit corporation, and may be served with process through its' registered agent Rubina Babakhanloo at 3333 Thelma

Street La Crescenta, California 91214-2662.

4.     Defendant Ghariby Jorjik is an individual residing in Los Angeles County, California and may be served with process at his place of residence at 3333 Thelma Street La Crescenta, California 91214-2662.

## III.
## JURISDICTION AND VENUE

5.     The Court further has jurisdiction over these claims because the amount in controversy is within the jurisdictional limits of this Court.

6.     Venue is proper in Bexar County, Texas because the incident that forms the basis of this lawsuit occurred in Bexar County, Texas.

## IV.
## THE FACTS

7.     On or about March 21, 2015, Plaintiff was lawfully operating a black 2006 Toyota Tundra in Bexar County, Texas.  Plaintiff was operating his vehicle in a lawful manner while in the right hand lane of Callaghan Road traveling south.

8.     Defendant Jorjik was operating his 2007 red freightliner heading north on Callaghan Road.

9.     As Plaintiff was lawfully proceeding through the intersection of Callaghan Road and Commerce Street, suddenly and without warning, Defendant Jorjik made an unsafe left hand turn on a red light, and traveled into Plaintiff's lane of travel striking Plaintiff's vehicle in the front of the vehicle.  At the time of the collision, Defendant Jorjik was driving a vehicle owned and operated by Defendant H & F Transportation, Inc.

Plaintiff Gonzalo Zelaya's Original Petition- 15-004967                                    2

10.     Moreover, Defendant Jorjik was acting within the course and scope of his
employment with Defendant H & F Transportation, Inc. on the occasion in question. This
collision between Defendant Jorjik and Plaintiff's vehicle caused Plaintiff to sustain severe
injuries, as more fully set forth below.

## V.
## PLAINTIFF'S CLAIMS OF NEGLIGENCE AND GROSS NEGLIGENCE AGAINST DEFENDANT H & F TRANSPORTATION, INC.

11.     At the time of the occurrence of the act in question and immediately prior thereto,
Defendant Jorjik was within the course and scope of his employment with Defendant H & F
Transportation, Inc ("H & F").

12.     At the time of the occurrence of the act in question and immediately prior thereto,
Defendant Jorjik was engaged in the furtherance of Defendant H & F's business.

13.     At the time of the occurrence of the act in question and immediately prior thereto,
Defendant Jorjik was engaged in accomplishing a task for which Defendant Jorjik was employed.

14.     Plaintiff invokes the doctrine of Respondeat Superior against Defendant H & F.
Defendant H & F is liable under the doctrine of Respondeat Superior in that Defendant Jorjik was
operating the vehicle in the course and scope of his employment with Defendant H & F.

15.     Defendant H & F is also negligent in one or more of the following respects:

   a.     Negligent hiring of Defendant Jorjik;

   b.     Negligent training of Defendant Jorjik;

   c.     Negligent supervision and monitoring of Defendant Jorjik; and

   d.     Negligent retention of Defendant Jorjik.

As described herein, Defendant H & F was negligent on the occasion in question and such negligence was the proximate cause of Plaintiff's injuries and damages.

16.     Each of these acts and/or omissions of each of the Defendants, whether taken singularly or in any combination constitute negligence and gross negligence that proximately caused the collision and injuries and other losses as specifically set forth herein, all of which Plaintiff suffered and which he will continue to suffer in the future, if not for the remainder of his natural life, and the damages and other losses to Plaintiff.

## VI.
## PLAINTIFF'S CLAIMS OF NEGLIGENCE, NEGLIGENCE PER SE, AND GROSS NEGLIGENCE AGAINST DEFENDANT GHARIBY JORJIK

17.     Defendant Jorjik had a duty to exercise the degree of care that a reasonably careful person would use to avoid harm to others under circumstances similar to those described herein.

18.     Plaintiff's injuries were proximately caused by Defendant Jorjik's negligent, careless, and reckless disregard of said duty.

19.     The negligent, careless, and reckless disregard of the duty of Defendant Jorjik consisted of, but is not limited to, the following acts and omissions:

        a.     in failing to keep a proper lookout or such lookout, which a person of ordinary prudence would have maintained under same or similar circumstances;

        b.     in driving his vehicle at a rate of speed which was greater than that which an ordinary person would have driven under the same or similar circumstances, in violation of Texas Transportation Code §545.351;

        c.     in failing to maintain an assured clear distance between the vehicle Plaintiff was in and Defendants' vehicle, which would permit

Defendant Jorjik to bring his vehicle to a safe stop without colliding with vehicles, including Plaintiff's vehicle, in violation of Texas Transportation Code §545.062;

d.   in failing to timely apply the brakes of his vehicle in order to avoid the collision in question;

e.   in failing to turn his vehicle in an effort to avoid the collision in question;

f.   in failing to drive defensively to avoid an emergency;

g.   in failing to make safe decisions while driving;

h.   in failing to blow his horn to warn of imminent collision;

i.   in driving his vehicle in willful or wanton disregard for the safety of persons and/or property, including Plaintiff and his vehicle, in violation of Texas Transportation Code §545.401; and

j.   in turning his vehicle to enter a private road or driveway, or otherwise turning his vehicle from a direct course, when the movement could not be made safely, in violation of Texas Transportation Code §545.103.

20.   Each of these acts and/or omissions, whether taken singularly or in any combination constitutes negligence and negligence per se, and gross negligence, which proximately caused the collision and injuries and other losses as specifically set forth herein, all of which Plaintiff suffered and which Plaintiff will continue to suffer in the future, if not for the remainder of his natural life, and the damage and other losses to Plaintiff.

## VII.
## EXEMPLARY DAMAGES

21.   Plaintiff hereby incorporates each of the foregoing paragraphs herein as if set forth in full in this section.

22.   The above-referenced acts and/or omissions by Defendants constitute malice as

Plaintiff Gonzalo Zelaya's Original Petition- 15-004967

that term is defined in Section 41.001(7)(B) Texas Civil Practice and Remedies Code. Defendants were heedless and reckless, constituting an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and Defendants were aware of the risk, but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of others, including Plaintiff. The above acts and/or omissions were singularly and cumulatively the proximate cause of the occurrence in question and the resulting injuries and damages sustained by Plaintiff.

23.     Defendants' acts or omissions described above, when viewed from the standpoint of Defendants at the time of the act or omission, involved an extreme degree of risk, considering the probability of harm to Plaintiff and others.

24.     Defendants had actual, subjective awareness of the risk involved in the above described acts or omissions, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of Plaintiff and others.

25.     Therefore, for such malice on behalf of Defendants, Plaintiff sues for exemplary damages in an amount to be determined at trial.

## VIII.
## DAMAGES FOR PLAINTIFF

26.     As a direct and proximate result of the collision and the negligent conduct of the Defendants, Plaintiff Gonzalo Zelaya suffered severe bodily injuries to his neck, back, shoulders, and other parts of his body generally. The injuries have had a serious effect on the Plaintiff's health and wellbeing. Some of the effects are permanent and will abide with the Plaintiff for a long time into the future, if not for the rest of his life. These specific injuries and their ill effects

have, in turn, caused the Plaintiffs physical and mental condition to deteriorate generally and the specific injuries and ill effects alleged have caused and will, in all reasonable probability, cause the Plaintiff to suffer consequences and ill effects of this deterioration throughout his body for a long time in the future, if not for the balance of his natural life. As a further result of the nature and consequences of these injuries, the Plaintiff suffered great physical and mental pain, suffering and anguish and in all reasonable probability will continue to suffer in this manner for a long time into the future, if not for the balance of his natural life.

27.     Additionally, as a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff was caused to incur the following damages:

a.     Reasonable medical care and expenses in the past. Plaintiff Gonzlao Zelaya incurred these expenses for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in county they were incurred;

b.     Reasonable and necessary medical care and expenses, which will, in all reasonable probability be incurred in the future;

c.     Physical pain and suffering in the past;

d.     Physical pain and suffering, which will, in all reasonable probability be suffered in the future;

e.     Physical impairment in the past;

f.     Physical impairment, which will, in all reasonable probability be suffered in the future;

g.     Lost wages in the past, present, and future.

Plaintiff Gonzalo Zelaya's Original Petition- 15-004967                                    7

h  Loss of earning capacity, which will, in all reasonable probability be incurred in the future;

i.  Mental anguish in the past;

j.  Mental anguish which will, in all reasonable probability be suffered in the future;

k.  Disfigurement.

## IX.
## PREJUDGMENT AND POST-JUDGMENT INTEREST

28.  Plaintiff seeks prejudgment and post-judgment interest as allowed by law.

## X.
## JURY DEMAND

29.  In accordance with Rule 216 of the Texas Rules of Civil Procedure, Plaintiff hereby makes application for a jury trial and requests that this cause be set on the Court's Jury Docket. In support of his application, the appropriate jury fee has been paid to the Clerk at least thirty (30) days in advance of the trial setting.

## XI.
## REQUEST FOR DISCLOSURE

30.  Pursuant to Rule 194 of the Texas Rules of Civil Procedure, you are requested to disclose within fifty (50) days after service of the citation and petition the information or material described in Rule 194.2 (a) through (l).

## XII.
## TEXAS RULE OF CIVIL PROCEDURE 193.7

31.  Pursuant to Texas Rule of Civil Procedure 193.7, Plaintiff hereby gives notice to Defendants that any and all documents produced by each Defendant may be used against each

Defendant producing the documents at any pre-trial proceeding and/or at the trial of this matter without the necessity of authenticating the documents.

## XIII.
## PRAYER

WHEREFORE, Plaintiff respectfully prays that each of the Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendants, jointly and severally, for actual damages as alleged and exemplary damages, in an amount within the jurisdictional limits of this Court; together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

THE LAW OFFICE OF THOMAS J. HENRY
521 Starr Street
Corpus Christi, Texas 78401
Tel. (361) 985-0600
Fax. (361) 985-0601

By _____

Thomas J. Henry
State Bar No. 09484210
Alan Dale Hicks
State Bar No. 09575430
*dhicks-svc@thomasjhenrylaw.com

**ATTORNEYS FOR PLAINTIFF**

*Service by email to this email address only.

Plaintiff Gonzalo Zelaya's Original Petition- 15-004967                                    9

## CAUSE NO. 2015CI14325

| | | |
|---|---|---|
| **GONZALO ZELAYA** | § | **IN THE DISTRICT COURT OF** |
| *Plaintiff* | § | |
| | § | |
| **VS.** | § | |
| | § | |
| **H & F TRANSPORTATION, INC., and** | § | **BEXAR COUNTY, TEXAS** |
| **GHARIBY JORJIK** | § | |
| *Defendants* | § | |
| | § | **438TH JUDICIAL DISTRICT** |
| | § | |

## <u>MEMORANDUM IN OPPOSITION TO H & F TRANSPORTATION, INC.'S MOTION FOR PROTECTIVE ORDER</u>

THE HONORABLE JUDGE OF SAID COURT:

Gonzalo Zelaya respectfully submits this Memorandum in Opposition to Defendant H&F Transportation, Inc.'s ("H&F") Motion for Protective Order for the following reasons to wit:

### I. Issue Statement

> Tex. R. Civ. P. 193.7 states any document produced in response to written discovery is self-authenticated for use in pretrial proceeding or at trial against the producing party unless the producing party timely objects to the authenticity of the document. In Mr. Zelaya's Original Petition, he included a courtesy notice of Rule 193.7's provisions. In response, H&F objected to Rule 193.7's overly broad scope and seeks a protective order to ostensibly disallow Mr. Zelaya to avail himself to Rule 193.7's provisions. Mr. Zelaya's use of Rule 193.7's provisions equally extend to H&F and all other Texas litigants, thus Mr. Zelaya should not be prejudiced by a protective order disallowing him to use Rule 193.7's provisions. Thus, H&F's motion should be DENIED.

### II. Relevant Background

On October 17, 2015, Defendant H&F was served with Mr. Zelaya's Original Petition, Rule 193.7 Notice, and Request for Disclosures. On April 4, 2016, H&F filed its Original Answer, and on April 5, 2016, it filed its Objection to Plaintiff's Notice of Self-Authentication and Motion

for Protective Order. This Memorandum in Opposition followed.

## III. Law and Analysis

The clear purpose of Rule 193.7 is to alleviate the burden on a party receiving documents through discovery from proving the authenticity of those documents when they are used against the party who produced them.[1]

When a party produces a document in response to written discovery, the document is self-authenticated for use against that party in any pretrial proceeding or at trial unless the party objects to the authenticity of the document, either on the record or in writing, within ten days of becoming actually aware that the document will be used.[2] The objecting party, the party that produced the document, must state the specific basis for the objection.[3] Following the objection, the party attempting to use the document should be given a reasonable opportunity to establish its authenticity.[4]

In other words, for every document H&F produces in response to written discovery that document is presumed to be self-authenticated for use against H&F. However, when Mr. Zelaya chooses to use an H&F document as evidence in a pretrial proceedings or at trial and he identifies the document(s) he intends to submit to the court, then H&F has the opportunity to object to those document's self-authentication status.

H&F's allegations that Mr. Zelaya's Notice of Self-Authentication is procedurally and substantively flawed are meritless. The fact is the notice was unnecessary in that Rule 193.7

---

[1] *Blanche v. First Nationwide Mortgage Corp.,* 74 S.W.3d 444, 451 (Tex. App. 2002).
[2] Tex. R. Civ. P. 193.7; *Rodriguez v. City of Poteet,* No. 04-13-00274-CV, 2014 WL 769286, at *3 (Tex. App. Feb. 26, 2014); *Blanche v. First Nationwide Mortg. Corp.,* 74 S.W.3d 444, 451–52 (Tex.App.-Dallas 2002, no pet.).
[3] Tex. R. Civ. P. 193.7; *Rodriguez v. City of Poteet,* No. 04-13-00274-CV, 2014 WL 769286, at *3 (Tex. App. Feb. 26, 2014).
[4] *Id* (both sources).

automatically allows for the produced document to be self-authenticated for use against the producing party. Therefore, H&F's Objections should be overruled and this Honorable Court should DENY its Motion for a Protective Order.

## IV. Conclusion

Contrary to H&F's assertion, Mr. Zelaya does not need to identify the documents he seeks authenticated because all documents produced by H&F are automatically self-authenticated if the documents are to be used against H&F. If and when Mr. Zelaya chooses to use one of H&F's produced documents as evidence in a pretrial proceeding or at trial, then, at that time, H&F has the opportunity to object to the document's authenticity. Thus, H&F's Objections should be overruled and this Honorable Court should DENY its Motion for a Protective Order.

Respectfully Submitted,

THE LAW OFFICE OF THOMAS J. HENRY
521 Starr Street
Corpus Christi, Texas 78401
Tel. (361)985-0600
Fax. (361)985-0601

By: _____
Thomas J. Henry
State Bar No. 09484210
Alan Dale Hicks
State Bar No. 09575430
dhicks-svc@thomasjhenrylaw.com
**ATTORNEYS FOR PLAINTIFF**
*Service by email to this email address only.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Plaintiff's Opposition has been forwarded to all individuals listed below in accordance with the Texas Rules of Civil Procedure on this the _11th_ day of April, 2016.

**_VIA FACSIMILE: (888) 255-0132 OR_**
**_EMAIL TO: lynn@texasdefense.com_**
CASTAGNA SCOTT L.L.P.
Lynn S. Castagna
Stephen P. Bega
1120 S. Capitol of Texas Highway
Building 2, Suite 270
Austin, Texas 78746

Tomas E. Alarcon

FILED
5/2/2016 11:07:14 AM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Bianca Salinas

Case 5:16-cv-00450-ESC   Document 1-3   Filed 05/16/16   Page 38 of 47

CAUSE NO. 2015CI14325

| | | |
|---|---|---|
| GONZALO ZELAYA | § | IN THE DISTRICT COURT OF |
| *Plaintiff,* | § | |
| | § | |
| V. | § | BEXAR COUNTY, TEXAS |
| | § | |
| H & F TRANSPORTATION, INC. | § | |
| AND GHARIBY JORJIK | § | |
| *Defendants.* | § | 438TH JUDICIAL DISTRICT |

## DEFENDANT GHARIBY JORJIK'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Ghariby Jorjik, Defendant in the above entitled and numbered cause, and files his Original Answer, and as grounds therefore would respectfully show unto the Court and Jury as follows:

## I.
## GENERAL DENIAL

1.      The Texas Rules of Civil Procedure and, in particular Rule 92, affords citizens and corporations of this state certain protections with respect to lawsuits of this type. Accordingly, Defendant invokes the provisions of that rule and does generally deny the allegations now made against him by the Plaintiff and his attorney.   At any trial of this cause, Defendant will exercise his legal rights in this regard and require Plaintiff to carry the burden of proof, which the law imposes upon him, to prove each and every material allegation contained in his pleadings by a preponderance of the credible evidence.

2.      Defendant would show onto the Court that as to medical expenses, only the amount actually paid and/or incurred by Plaintiff is recoverable by Plaintiff in this lawsuit.   TEX. CIV. PRAC. & REM. CODE § 41.0105.   Any amount that is discounted, written off, or adjusted following contribution of a third party payor (including but not limited to Medicaid, Medicare or

by Managed Care Administrator) is not an amount that is "paid or incurred," and should not be submitted to the jury or included in any economic damage award.

3.      In regards to damages with respect to Plaintiff's loss of earnings, if any, these damages are limited to a net loss after reduction for income tax payments or unpaid tax liability pursuant to any federal income tax law as set forth in § 18.091 of the TEXAS CIVIL PRACTICE & REMEDIES CODE.

## II.

## JURY DEMAND

4.      Defendant H&F Transportation, Inc. has tendered the statutory jury fee. Defendant Ghariby Jorjik demands a trial by jury.

## III.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Ghariby Jorjik prays that upon final hearing of this cause that the Court enter its judgment to the effect that Plaintiff take nothing by way of his cause of action against the Defendant, that Defendant is awarded court costs, legal interest, both prejudgment and post judgment interest, and for such other and further relief to which the Defendant may be justly entitled, either at law or in equity.

Respectfully submitted,

**CASTAGNA SCOTT L.L.P.**
1120 S. Capital of Texas Highway
Building 2, Suite 270
Austin, Texas 78746
512/329-3290
888/255-0132 fax


By: */s/ Stephen P. Bega*
   Lynn S. Castagna
   State Bar No. 03980520
   Lynn@texasdefense.com
   Stephen P. Bega
   State Bar No. 24012269
   Stephen@texasdefense.com

**ATTORNEYS FOR DEFENDANTS**


<u>**CERTIFICATE OF SERVICE**</u>

     I hereby certify that a true and correct copy of the foregoing document has been served on all counsel of record in the manner indicated below:

    *<u>VIA FACSIMILE: 361/985-0601</u>*
    Thomas J. Henry
    Alan Dale Hicks
    THE LAW OFFICE OF THOMAS J. HENRY
    521 Starr Street
    Corpus Christi, Texas 78401

and in accordance with the Texas Rules of Civil Procedure, on the 2nd day of May, 2016.


     */s/ Stephen P. Bega*
     Stephen P. Bega

FILED
5/2/2016 11:10:21 AM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Edgar Garcia

Case 5:16-cv-00450-ESC   Document 1-3   Filed 05/16/16   Page 41 of 47

CAUSE NO. 2015CI14325

| | | |
|---|---|---|
| GONZALO ZELAYA | § | IN THE DISTRICT COURT OF |
| *Plaintiff,* | § | |
| | § | |
| V. | § | BEXAR COUNTY, TEXAS |
| | § | |
| H & F TRANSPORTATION, INC. | § | |
| AND GHARIBY JORJIK | § | |
| *Defendants.* | § | 438TH JUDICIAL DISTRICT |

## DEFENDANT GHARIBY JORJIK'S OBJECTIONS TO PLAINTIFF'S NOTICE OF SELF-AUTHENTICATION AND MOTION FOR PROTECTIVE ORDER

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Ghariby Jorjik, Defendant in the above entitled and numbered cause, and files his Objections to Plaintiff's Notice of Self-Authentication and Defendant's Motion for Protective Order. As grounds in support thereof, Defendant would respectfully show unto the Court and Jury as follows:

## I.
## Procedural History

On April 11, 2016, Defendant Ghariby Jorjik accepted service of Plaintiff's Original Petition, including a Notice of Self-Authentication. Defendant Ghariby Jorjik filed an answer on May 2, 2016.

## II.
## Arguments and Authorities

The Notice of Self-Authentication reads:

Pursuant to Texas Rule of Civil Procedure 193.7, Plaintiff hereby gives notice to Defendants that any and all documents produced by each Defendant may be used against each Defendant producing the documents at any pre-trial proceeding and/or at trial of this matter without the necessity of authenticating the documents.

The Notice of  Self-Authentication is procedurally and substantively flawed.  It was served before either Defendant produced a single document in the case.  Accordingly, the Notice fails to, and cannot possibly, identify the specific document that Plaintiff seeks to have authenticated.  Defendant objects to the overly board scope of the Notice of  Self-Authentication, and the gunshot approach in Plaintiff's utilization of Tex. R. Civ. P. 193.7.   Plaintiff must identify the document he seeks authenticated to allow Defendants fair notice to object thereto.

## III.

WHEREFORE, PREMISES CONSIDERED, Defendant Ghariby Jorjik requests that his Objections to Plaintiff's Notice of  Self-Authentication and Defendant's Motion for Protective Order be granted, and for such other relief, both at law and in equity, to which Defendant may be entitled.

Respectfully submitted,


**CASTAGNA SCOTT, L.L.P.**
1120 S. Capital of Texas Highway
Building 2, Suite 270
Austin, Texas 78746
512/329-3290
888/255-0132 fax


By:  */s/ Stephen Bega*
     Lynn S. Castagna
     State Bar No. 03980520
     Lynn@texasdefense.com
     Stephen P. Bega
     State Bar No. 24012269
     Stephen@texasdefense.com

**ATTORNEYS FOR DEFENDANTS**


## CERTIFICATE OF SERVICE

     I hereby certify that a true and correct copy of the foregoing document has been served on all counsel in the manner indicated below:

     ***VIA FACSIMILE: 361/985-0601***
     Thomas J. Henry
     Alan Dale Hicks
     THE LAW OFFICE OF THOMAS J. HENRY
     521 Starr Street
     Corpus Christi, Texas 78401

and in accordance with the Texas Rules of Civil Procedure, on the 2nd day of May, 2016.


     */s/ Stephen Bega*
     Stephen P. Bega

CAUSE NO. 2015CI14325

| | | |
|---|---|---|
| **GONZALO ZELAYA** | § | **IN THE DISTRICT COURT OF** |
| *Plaintiff* | § | |
| | § | |
| **VS.** | § | **BEXAR COUNTY, TEXAS** |
| | § | |
| **H & F TRANSPORTATION, INC., and** | § | |
| **GHARIBY JORJIK** | § | **438ᵀᴴ JUDICIAL DISTRICT** |
| *Defendants* | § | |
| | § | |
| | § | |

## MEMORANDUM IN OPPOSITION TO GHARIBY JORJIK'S MOTION FOR PROTECTIVE ORDER

THE HONORABLE JUDGE OF SAID COURT:

Gonzalo Zelaya respectfully submits this Memorandum in Opposition to Defendant Ghariby Jorjik's Motion for Protective Order for the following reasons to wit:

### I. Issue Statement

Tex. R. Civ. P. 193.7 states any document produced in response to written discovery is self-authenticated for use in pretrial proceeding or at trial against the producing party unless the producing party timely objects to the authenticity of the document. In Mr. Zelaya's Original Petition, he included a courtesy notice of Rule 193.7's provisions. In response, Defendant Jorjik objected to Rule 193.7's overly broad scope and seeks a protective order to ostensibly disallow Mr. Zelaya to avail himself to Rule 193.7's provisions. Mr. Zelaya's use of Rule 193.7's provisions equally extend to Defendant Jorjik and all other Texas litigants, thus Mr. Zelaya should not be prejudiced by a protective order disallowing him to use Rule 193.7's provisions. Thus, Defendant Jorjik's motion should be DENIED.

### II. Relevant Background

On April 11, 2016, Defendant Jorjik was served with Mr. Zelaya's Original Petition, Rule 193.7 Notice, and Request for Disclosures. On May 2, 2016, Defendant Jorjik filed its Original Answer, and on April 5, 2016, it filed its Objection to Plaintiff's Notice of Self-Authentication and

Motion for Protective Order. This Memorandum in Opposition followed.

## III. Law and Analysis

The clear purpose of Rule 193.7 is to alleviate the burden on a party receiving documents through discovery from proving the authenticity of those documents when they are used against the party who produced them.[1]

When a party produces a document in response to written discovery, the document is self-authenticated for use against that party in any pretrial proceeding or at trial unless the party objects to the authenticity of the document, either on the record or in writing, within ten days of becoming actually aware that the document will be used.[2] The objecting party, the party that produced the document, must state the specific basis for the objection.[3] Following the objection, the party attempting to use the document should be given a reasonable opportunity to establish its authenticity.[4]

In other words, for every document Defendant Jorjik produces in response to written discovery that document is presumed to be self-authenticated for use against Defendant Jorjik. However, when Mr. Zelaya chooses to use a Defendant Jorjik document as evidence in a pretrial proceedings or at trial and he identifies the document(s) he intends to submit to the court, then Defendant Jorjik has the opportunity to object to those document's self-authentication status.

Defendant Jorjik's allegations that Mr. Zelaya's Notice of Self-Authentication is procedurally and substantively flawed are meritless. The fact is the notice was unnecessary in that

---

[1] *Blanche v. First Nationwide Mortgage Corp.,* 74 S.W.3d 444, 451 (Tex. App. 2002).
[2] Tex. R. Civ. P. 193.7; *Rodriguez v. City of Poteet,* No. 04-13-00274-CV, 2014 WL 769286, at *3 (Tex. App. Feb. 26, 2014); *Blanche v. First Nationwide Mortg. Corp.,* 74 S.W.3d 444, 451–52 (Tex.App.-Dallas 2002, no pet.).
[3] Tex. R. Civ. P. 193.7; *Rodriguez v. City of Poteet,* No. 04-13-00274-CV, 2014 WL 769286, at *3 (Tex. App. Feb. 26, 2014).
[4] *Id* (both sources).

Rule 193.7 automatically allows for the produced document to be self-authenticated for use against the producing party. Therefore, Defendant Jorjik's Objections should be overruled and this Honorable Court should DENY its Motion for a Protective Order.

## IV. Conclusion

Contrary to Defendant Jorjik's assertion, Mr. Zelaya does not need to identify the documents he seeks authenticated because all documents produced by Defendant Jorjik are automatically self-authenticated if the documents are to be used against Defendant Jorjik. If and when Mr. Zelaya chooses to use one of Defendant Jorjik's produced documents as evidence in a pretrial proceeding or at trial, then, at that time, Defendant Jorjik has the opportunity to object to the document's authenticity. Thus, Defendant Jorjik's Objections should be overruled and this Honorable Court should DENY his Motion for a Protective Order.

Respectfully Submitted,

THE LAW OFFICE OF THOMAS J. HENRY
521 Starr Street
Corpus Christi, Texas 78401
Tel. (361)985-0600
Fax. (361)985-0601

By: _____

Thomas J. Henry
State Bar No. 09484210
Alan Dale Hicks
State Bar No. 09575430
dhicks-svc@thomasjhenrylaw.com
**ATTORNEYS FOR PLAINTIFF**
*Service by email to this email address only.

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Plaintiff's Opposition has been forwarded to all individuals listed below in accordance with the Texas Rules of Civil Procedure on this the 9th day of May, 2016.

**_VIA FACSIMILE: (888) 255-0132 OR_**
**_EMAIL TO: lynn@texasdefense.com_**
CASTAGNA SCOTT L.L.P.
Lynn S. Castagna
Stephen P. Bega
1120 S. Capitol of Texas Highway
Building 2, Suite 270
Austin, Texas 78746


_____
Tomas E. Alarcon